715 S.E.2d 338

**In the Matter of Sean Kevin TRUNDY, Respondent.**

**No. 27040.**

Supreme Court of South Carolina.

Submitted Aug. 9, 2011.

Decided Sept. 12, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Susan B. Hackett, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Sean Kevin Trundy, of Charleston, pro se.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to the imposition of an admonition or public reprimand. Respondent also agrees to complete the Ethics School portion of the South Carolina Bar's Legal Ethics and Practice Program (LEAPP) within one (1) year of the date of the order imposing discipline and to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the date of the order imposing discipline. The Court accepts the Agreement for Discipline by Consent and imposes a public reprimand. Further, the Court orders respondent to complete the Ethics School portion of LEAPP and provide certification of completion to the Commission within one (1) year of the date of this

order and to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this order. The facts as stated in the Agreement are as follows.

## FACTS

In 2003, the complainant filed a civil action. The complainant was represented by counsel. In 2005, the presiding judge issued an order granting partial summary judgment to the opposing party.

Thereafter, the complainant sought new counsel to assist her with the remaining claim. In August 2005, respondent agreed to represent the complainant. After several meetings, respondent stopped communicating with the complainant.

On April 7, 2008, the complainant wrote respondent expressing her difficulty in obtaining information from him and her concern over the protracted length of time for the litigation. On April 24, 2008, respondent replied, apologizing for his lack of communication. Respondent also explained that opposing counsel was unable to locate the opposing party. As a result, respondent advised the complainant that she might be able to obtain a judgment against the opposing party, enroll the judgment, and then decide how much effort to expend to try to collect the judgment. Respondent did not, however, inform the complainant that her case had been dismissed on January 5, 2007, pursuant to a voluntary non-suit without prejudice with leave to restore due to failure of the parties to pay the fee to refer the matter to the master-in-equity.

Hearing nothing further from respondent after his April 2008, letter, the complainant wrote respondent in October 2010. Respondent did not receive the letter as he had moved his law office and he had not informed the complainant of his new address. Respondent did not move to restore the complainant's action to the active docket. The complainant's appellate rights have been extinguished.

## LAW

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4

(lawyer shall keep client reasonably informed about status of the matter); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client); and Rule 8.4(a) (it is professional misconduct for lawyer to violate the Rules of Professional Conduct). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct)

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct. In addition, respondent shall complete the Ethics School portion of LEAPP and provide certification of completion to the Commission within one (1) year of the date of this order and he shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this order.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.